# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DIANA L. DURANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-539-KEW |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court on Claimant's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #26) and Claimant's Supplemental Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #29). By Order and Opinion entered September 30, 2015, this Court reversed the decision of the Commissioner to deny Claimant's applications for disability insurance benefits under Title II of the Social Security Act and for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Claimant seeks attorney's fees for 64.40 hours of time expended by her attorney at the stipulated fee rate for a total request of $12,228.30 under the authority of the Equal Access to Justice Act ("EAJA"). However, Claimant's attorney voluntarily reduced his billing by 30% to a requested total of $8,559.81. Because Claimant filed a reply to the first Motion, she filed a supplemental fee motion seeking an additional $2,594.40 for 13.80

hours expended in preparing the reply. In her Amended Reply, Claimant reduces the supplemental fee requested by 10% to $2,334.96. The Commissioner contests the award of EAJA fees, contending that the fees requested are not reasonable.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The Commissioner does not contend that her position in the review was substantially justified. Rather, she specifically asserts that Claimant should be limited to $7,500.00 in total fees. She did not respond to Claimant's request for supplemental fees incurred in the preparation of the reply brief. The Commissioner challenges Claimant's request for reimbursement for (1) .80 hours performed prior to the filing of the Complaint; (2) .30 hours for items attributable to ministerial tasks; and (3) a generalized reduction in the time expended to review the administrative record and complete the briefing.

Necessarily, time will be expended in the preparation of the case for filing, including the drafting of the complaint and a reasonable amount of time in developing the theory of the case. Cameron v. Barnhart, 2002 WL 31079435, 3 (10th Cir. (Okla.)). While the Commissioner is correct that work performed at the administrative level is not compensable, the evaluation of the case for the preparation of the complaint are services performed in

connection with these judicial proceedings and not with the preceding administrative proceedings. As a result, fees associated with this work are compensable. Moreover, only the verification of the service of summons and filing of a return of service is considered ministerial. The remaining matters of review require a modicum of legal evaluation by an attorney and, therefore, are compensable. The generalized reduction for excess time expended in the review of the record and preparation of briefing has been encompassed by the voluntary reduction in the documented fees. The further reduction urged by the Commissioner is not justified.

The time expended in the preparation of the reply brief, however, is somewhat excessive given the resulting product, even considering the voluntary 10% reduction in the fee requested. A review of the contemporaneous time and expense records attached to the supplemental fee request reveals an excessive amount of time expended in the preparation of the reply brief - especially in light of the fact that much of this briefing is duplicated in other cases filed by this attorney. As a result, the original supplemental fee request will be reduced by a total 30% to $1,816.08.

IT IS THEREFORE ORDERED that Claimant's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #26) and Claimant's Supplemental Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #29) are **GRANTED** and that the Government be ordered to pay

Claimant's attorney's fees in the total amount of $10,375.89. In accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Plaintiff as the prevailing party and not directly to Plaintiff's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Plaintiff. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 6th day of April, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE